**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAX REED II,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>JAMES COX; et al.,<br><br>     Defendants-Appellees,<br><br> and<br><br>NEVADA DEPARTMENT OF CORRECTIONS; et al.,<br><br>     Defendants. | No. 19-15476<br><br>D.C. No. 3:14-cv-00313-MMD-CBC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted September 8, 2020**

Before:  TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

  Nevada state prisoner Max Reed II appeals pro se from the district court's

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

summary judgment in his 42 U.S.C. § 1983 action alleging constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Reed's access-to-courts claims because Reed failed to raise a genuine dispute of material fact as to whether defendants caused an actual injury to a nonfrivolous claim. *See Lewis v. Casey*, 518 U.S. 343, 348-49, 354-55 (1996) (elements of an access-to-courts claim and actual injury requirement).

The district court properly granted summary judgment on Reed's destruction of property claim because Reed failed to identify the John Doe defendant after the completion of nearly two years of discovery. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[P]laintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.").

We reject as meritless Reed's contentions that the district court failed to conduct an evidentiary hearing and that he was denied his Sixth Amendment right to self-representation.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**